**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **DARREN M. KEYSER,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 15-00096-N** |
| | ) | |
| **HAVERTY FURNITURE CO., INC.,** | ) | |
| **Defendant.** | ) | |

## ORDER

On February 19, 2015, the Defendant removed this case from the Circuit Court of Mobile County, Alabama, under 28 U.S.C. § 1441(a), citing diversity of citizenship under 28 U.S.C. § 1332(a) as the sole basis for this Court's subject matter jurisdiction.  (*See* Doc. 1).  The Defendant has since filed a motion to remand under 28 U.S.C. § 1447(c) (Doc. 5), claiming, *inter alia*: "[F]ollowing the removal, Plaintiff's counsel represented to Defendant's counsel that Plaintiff has suffered minor alleged damages on his AADEA claim and, as a result, the amount in controversy does not and will not exceed $75,000. As a result of that representation, and contrary to Defendant's prior good faith belief, the amount-in-controversy requirement for federal diversity jurisdiction is not met."  (*Id.* at 1).  The Defendant represents that the Plaintiff does not oppose remand.  (*See id.* at 2).

"Diversity jurisdiction exists where the suit is between citizens of different states and the amount in controversy exceeds the statutorily prescribed amount, in this case $75,000."  *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001) (citing 28 U.S.C. § 1332(a)).  The party who removes an action from state court "bears the burden of proving that federal jurisdiction exists.  Where, as here, the plaintiff has not pled a specific amount of damages, the removing defendant must

prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." *Id.* (internal citation omitted).

Comparing the Defendant's allegations supporting jurisdiction in its notice of removal with the allegations in the Plaintiff's operative complaint, it was questionable at the outset whether § 1332(a)'s requisite amount in controversy was satisfied. That the Defendant now expressly concedes this requirement was not satisfied at the time of removal confirms that subject matter jurisdiction is lacking.[1] Thus, remand is appropriate. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

As the parties were made aware (*see* Doc. 3), this action was randomly assigned to the undersigned Magistrate Judge for all purposes, including trial. Inasmuch as no party, to date, has requested reassignment of this action to a United States District Judge, there presently exists implicit consent to the undersigned conducting all proceedings in this case. *See Roell v. Withrow*, 538 U.S. 580 (2003) ("We think the better rule is to accept implied consent where, as here, the litigant or counsel was made aware of the need for consent and the right to refuse it, and still

---

[1] The undersigned also notes that the Defendant has only alleged the state of residence for the Plaintiff, a natural person. (*See* Doc. 1 at 5, ¶ 14). "**Citizenship**, not residence, is the key fact that **must be alleged** . . . to establish diversity for a natural person." *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994) (emphasis added). *See also, e.g., Travaglio v. Am. Exp. Co.*, 735 F.3d 1266, 1269 (11th Cir. 2013) ("As we indicated in remanding this case for jurisdictional findings, the allegations in Travaglio's complaint about her citizenship are fatally defective. Residence alone is not enough."); *Beavers v. A.O. Smith Elec. Prods. Co.*, 265 F. App'x 772, 778 (11th Cir. 2008) (per curiam) (unpublished) ("The plaintiffs' complaint alleges only the residence of the nearly 100 plaintiffs, not their states of citizenship. Because the plaintiffs have the burden to affirmatively allege facts demonstrating the existence of jurisdiction and failed to allege the citizenship of the individual plaintiffs, the district court lacked subject matter jurisdiction on the face of the complaint." (internal citation and quotation omitted)).

voluntarily appeared to try the case before the Magistrate Judge. Inferring consent in these circumstances thus checks the risk of gamesmanship by depriving parties of the luxury of waiting for the outcome before denying the magistrate judge's authority. Judicial efficiency is served; the Article III right is substantially honored.").

Accordingly, it is **ORDERED** that the Defendant's unopposed motion to remand (Doc. 5) is **GRANTED** and that this case be **REMANDED** to the Circuit Court of Mobile County, Alabama.

**DONE** and **ORDERED** this the 26th day of February 2015.

*/s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**